UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL EARNEST THOLMER

Plaintiff,

v.

LUIS GARCIA, et al.,

Defendants.

No. 2:26-cv-3024 CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a California prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has not paid the $405 filing fee.

Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the court's electronic docket reveals that plaintiff was found to have "stuck out" under 28 U.S.C. § 1915(g) in 2:20-cv-JAM EFB P with judgment having been entered in that case on April 27, 2021. Plaintiff appealed. His appeal was dismissed with the mandate having been entered on October 14, 2021.

In his complaint, filed September 8, 2026, plaintiff alleges he is "in imminent danger of physical injury." ECF No. 1 at 1. Plaintiff's allegations mostly concern past wrongs with respect to numerous medical issues as opposed to plaintiff's condition when he filed his complaint. Plaintiff does seek injunctive relief with respect to his diet. Plaintiff alleges that upon his release from Sutter Amador Hospital on February 15, 2026, it was recommended that he begin a diabetic diet. ECF No 1 at 8 & 39. On August 26, 2026, plaintiff was informed by defendant Dr. Ullery that plaintiff has access to the recommended diet by making appropriate choices at the dining hall at his prison. ECF No. 1 at 47. The only specific challenge plaintiff makes to this finding is that his dining hall does not permit plaintiff to eat smaller portions multiple times a day which all diabetics should do. Plaintiff's allegation that it is better for him to eat smaller meals in higher frequency is conclusory. Assuming the allegation is true, nothing suggests that even if the better course of action is for plaintiff to have access to more meals than he does has his prison, denial of said access places him in imminent danger of serious physical injury.

In light of the foregoing, plaintiff should be denied leave to proceed in forma pauperis and granted fourteen days within which to pay the filing fee for this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HERERY RECOMMENDED that petitioner be DENIED leave to proceed in forma pauperis and be ordered to pay the $405 filing fee for this action within 14 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

/////

/////

/////

/////

time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thol1903.3ks